FILED
United States Court of Appeals
Tenth Circuit

September 1, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHRIS ALLEN JOMPP,

    Petitioner - Appellant,

v.

WARDEN OF STERLING PRISON; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 22-1018
(D.C. No. 1:20-CV-00982-PAB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Chris Allen Jompp, a Colorado state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to challenge a district-court order denying his application for

relief under 28 U.S.C. § 2254.  We deny a COA and dismiss this matter.

Mr. Jompp was convicted by a jury of third-degree assault, robbery, and escape.

At sentencing, the court found the State had proved several habitual-criminal counts and

increased his sentence accordingly.  After appealing in state court, Mr. Jompp pursued his

present claims in federal court under § 2254.  In this court, Mr. Jompp seeks a COA

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

solely on the grounds that he was denied a speedy trial and that he was denied a jury trial on the habitual-offender allegations.

## Analysis
### I. Standards of Review

A COA is a jurisdictional prerequisite to appealing the denial of federal habeas relief. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We may issue a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "We look to the District Court's application of [The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336. In other words, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 338 (internal quotation marks omitted).

Under AEDPA when a state court has adjudicated a federal claim on the merits, relief is available if the applicant establishes that the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### II. Speedy Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. "The general rule is

that the speedy trial right attaches when the defendant is arrested or indicted, whichever comes first." *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004).

The Colorado Court of Appeals (CCA) reviewed Mr. Jompp's Sixth Amendment speedy-trial claim for plain error because defense counsel failed to argue its elements at trial or during the hearing for a trial continuance. It analyzed the factors in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (length of the delay, reason for the delay, defendant's assertion of the right, and resulting prejudice), and "conclude[d] the trial court didn't plainly err because Jompp's constitutional right to a speedy trial wasn't obviously violated." R. at 82. As to the first *Barker* factor—length of the delay—the CCA concluded that although not extreme, it weighed in Mr. Jompp's favor because it was over a year and he was incarcerated during that period. But as to the second factor— reason for the delay—the CCA determined it favored the prosecution because the delay was justified as a search for a missing eyewitness.[1] The CCA said the third factor— assertion of the speedy-trial right—"slightly favor[ed] Jompp because he generally asserted [it]" but did not elaborate on it. R. at 81. Finally, the CCA noted the fourth factor—resulting prejudice—was designed to advance three interests: "(1) preventing

---

[1] She lived in Utah, and the prosecution had been unable to find her. The trial court granted a continuance after a hearing at which the prosecutor described the ongoing efforts: Three police-department employees were working with local Utah agencies; investigators had found her on Facebook and had contacted her through that site; her son and his adoptive parents were in touch with her and they were cooperative; and investigators were tracking her husband, who was thought to be with her. In addition, the prosecutor indicated that a $25,000 warrant had been issued for her in Utah and there was reason to believe she would be apprehended "in the not too distant future." R. at 76 (internal quotation marks omitted). She was arrested in Utah "[n]ot long after" the hearing, *id.*, but the trial had been delayed a little over three months.

oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility the defense will be impaired." *Id.* (citing *Barker*, 407 U.S. at 532). Given those interests, the court determined the factor did not weigh in Mr. Jompp's favor because he did not "describe how his incarceration was oppressive or unjustified" and he did not "establish any prejudice to his defense from his incarceration." R. at 82.

The district court concluded that the CCA had reasonably weighed the *Barker* factors and Mr. Jompp had not argued that its decision contradicted any Supreme Court precedent. It said that Mr. Jompp's mere disagreement with the outcome of that weighing process was not a basis for habeas relief.[2]

In his request for a COA, Mr. Jompp contends that the charges against him should have been dismissed because he was not responsible for the trial delay, he objected to the prosecution's request for a continuance, and he was incarcerated for the entire 13-month period from his arrest to the trial. But the CCA accounted for all of those circumstances in its decision and ultimately decided they did not weigh in Mr. Jompp's favor. Mr. Jompp provides no argument or authority showing that the CCA weighed those circumstances in a manner that was contrary to, or an unreasonable application of, *Barker*. Indeed, he does not address the prosecution's attempts to secure the eyewitness's attendance at trial or whether the resulting delay had any impact on his ability to prepare a defense. *See United States v. Loud Hawk*, 474 U.S. 302, 315 (1986) (mere "possibility

---

[2] As previously indicated, the CCA reviewed Mr. Jompp's speedy-trial claim only for plain error. But in the district court Mr. Jompp did not question the existence of an adjudication on the merits, so any argument against the application of AEDPA deference is not preserved. *See Heard v. Addision*, 728 F.3d 1170, 1175 (10th Cir. 2013).

of prejudice [was] not sufficient to support [defendants'] position that their speedy trial rights were violated"). Although we must construe Mr. Jompp's pro se filings liberally, we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"In order to grant habeas relief [on a speedy trial claim], . . . [a federal court] must find pursuant to clearly established Supreme Court law that there is no possible balancing of these factors that is consistent with the [state appellate court's] decision." *Jackson*, 390 F.3d at 1267. Mr. Jompp has not met this standard. Reasonable jurists could therefore not debate whether he has a meritorious speedy-trial claim.

### III. Prior Convictions

Mr. Jompp argues that his Sixth Amendment rights were violated when a judge, rather than a jury, found him to be a habitual criminal and imposed an enhanced sentence. The CCA reviewed this argument for plain error, as Mr. Jompp failed to raise it at trial, and found no error. The district court determined that the CCA properly rejected Mr. Jompp's argument, because the Sixth Amendment does not require prior convictions to be found by a jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); *see also United States v. Prince*, 647 F.3d 1257, 1271 (10th Cir. 2011) ("We have held repeatedly that despite *Apprendi*, the 'fact' of a

prior conviction may be found by a sentencing judge rather than a jury.")  No reasonable jurist could debate the district court's rejection of Mr. Jompp's habitual-offender claim.

## Conclusion

We deny a COA and dismiss Mr. Jompp's appeal.  Because Mr. Jompp has not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted), we deny his motion to proceed in forma pauperis on appeal.

Entered for the Court

Harris L Hartz
Circuit Judge